1 | CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
2 | GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
   | BRIAN J. KIM, ESQ.; STATE BAR NO.: 282538

3 | **THARPE & HOWELL, LLP**
4 | **15250 Ventura Blvd., Ninth Floor**
   | **Sherman Oaks, California 91403**
5 | **(818) 205-9955; (818) 205-9944 fax**
   | E-Mail: cmay@tharpe-howell.com
6 | E-Mail: gsharaga@tharpe-howell.com
   | E-Mail: bkim@tharpe-howell.com

7 | Attorneys for Defendant,
8 | LOWE'S HOME CENTERS, LLC,
   | erroneously sued and served as LOWE'S COMPANIES, INC.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

CHRISTA NAKAMURA,

    Plaintiff,

v.

LOWE'S COMPANIES, INC. and DOES 1 TO 100,

    Defendant.

CASE NO.: 2:14-CV-9574 ODW(ASX)

(Los Angeles County Superior Court Case No.: BC546827)

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

[Filed concurrently with Defendant's Memorandum of Evidentiary Objections; Reply Appendix of Exhibits; Reply Separate Statement of Uncontroverted Facts and Conclusions of Law; Declarations of Brian J. Kim, Gene B. Sharaga and Ned Wolfe]

DATE: July 20, 2015
TIME: 1:30 p.m.
Courtroom: 11 – Spring St. Floor
JUDGE: Otis D. Wright, II

Complaint Filed: May 27, 2014
Trial Date: October 6, 2015

**COMES NOW** Defendant LOWE'S HOME CENTERS, LLC and submits its Reply Brief in support of its Motion for Summary Judgment.

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**TABLE OF CONTENTS**

Page(s)

I.    SUMMARY OF ARGUMENT ...................................................................1

II.   AVRIT'S FINDINGS, OPINIONS, CONCLUSIONS, AND EVIDENCE SHOULD BE DISREGARDED BECAUSE THEY ARE DERIVED FROM AN ILLEGAL AND UNAUTHORIZED STORE INSPECTION....................................................2

III.  AVRIT'S OPINIONS SHOULD BE PRECLUDED BECAUSE PLAINTIFF NEITHER PRODUCED AN EXPERT REPORT NOR ALL THE UNDERLYING DATA RELIED UPON BY AVRIT ..................................................................3

IV.   AVRIT'S OPINIONS SHOULD BE STRICKEN BECAUSE THEY LACK CRITICAL FOUNDATION ......................................................................5

      A.    AVRITS OPINIONS ARE BASED ON CONJECTURE, SPECULATION, OR IRRELEVANT EVIDENCE AND THEREBY NOT ADMISSIBLE...............5

            1.    Avrit's Opinions are Based on Conjecture or Speculation as to the Presence of Debris, Algae or Other Substances.............................6

            2.    Avrit's Improperly Assumes that Contaminants in the Water Would Not be Perceivable. ......................................................................7

            3.    Avrit's Provided Photographs are Entirely Irrelevant and Speculative in Nature....................................................................................9

            4.    Avrit Speculates His Assumed Condition Would Remain the Same Over the Span of Years ............................................................10

                  a.    AVRIT'S OPINIONS ARE INADMISSIBLE BECAUSE THEY DO NOT COMPORT WITH DAUBERT'S STANDARD OF RELIABILITY .......................................11

                  b.    ALL MEASUREMENTS, PHOTOGRAPHS, AND INSPECTION DATA SHOULD BE EXCLUDED BECAUSE THE PERSON WHOM INSPECTED THE PREMISES IS NOT A DESIGNATED EXPERT AND NO QUALIFICATIONS HAVE BEEN PROVIDED............................12

V.    PLAINTIFF'S OPPOSITION, WITHOUT THE IMPROPER AND INADMISSIBLE EXPERT OPINION OF AVRIT, IS TANTAMOUNT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BEING UNOPPOSED.......13

      A.    THERE IS NO TRIABLE ISSUE OF FACT AS TO THE SOURCE OF THE WATER BECAUSE THE SOURCE OF THE WATER ON THE GROUND IS IMMATERIAL................................................................14

      B.    DEFENDANT'S MAINTENANCE AND PROCEDURES AS TO WATER IS NOT A MATERIAL FACT BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH AN UNSAFE OR DANGEROUS CONDITION............................15

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- i -

**TABLE OF CONTENTS:** (continued)                                    Page(s)

C.    PLAINTIFF'S SPECULATION AS TO AN INVISIBLE CONTAMINATE IN WET CONCRETE IS NOT A MATERIAL FACT BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH AN UNSAFE OR DANGEROUS CONDITION OR THAT ANY CONTAMINATE WAS PRESENT ................................................................................16

D.    PLAINTIFF'S FAILURE TO FULFILL HER BURDEN IN ESTABLISHING AN UNSAFE CONDITION IS FATAL TO PLAINTIFF'S CAUSE OF ACTION ................................................16

VI.    CONCLUSION ................................................................................17

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Nakamura v. Lowe's; Case No.: 2:14-CV-9574 ODW(ASX)

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Blake v. Bell's Trucking, Inc.*, 168 F.Supp.2d 529, 532 (D. Md. 2001) ..................................5

5

*Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) ................................5, 11

6

*Casas Office Machs., Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 681 (1st Cir.
    1994)..........................................................................................................6

7

*City of Owensboro v. Kentucky Utilities Co.*, 2008 WL 4542674, at 2-3 (W.D. Ky.
    Oct. 8, 2008)................................................................................................4

8

9

*Coleman v. Dydula*, 139 F.Supp.2d 388, 390 (W.D.N.Y. 2001) ..................................5

10

*Collier v. Varco-Pruden Bldgs.*, 911 F.Supp. 189, 192 (D.S.C. 1995) ..................................6

11

*Damon v. Sun Co.*, 87 F.3d 1467, 1474 (1st Cir. 1996) ..........................................6

12

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ..................................5

13

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1994).......................11

14

*Diviero v. Goodrich Tire. Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ..................................5

15

*Fedorczyk v. Carribean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) ..................................6

16

*General Elec. Co. v. Joiner*, 552 U.S. 136, 146 (1997) ..........................................9

17

*Guillory v. Domtar Indus.*, 95 F.3d 1320, 1331 (5th Cir. 1996) ..................................6

18

*Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988) ..................................6

19

*McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 807 (9th Cir. 1988) ..................................9

20

*Morford v. Wal-Mart Stores*, 2011 U.S. Dist. LEXIS 61650 at 19-21; 2011 WL
    2313648 ........................................................................................................5

21

*Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 551-553 (D. Mont. 2005) ..................................4

22

*Primrose v. Philadelphia Dressed Beef Co.*, 252 F.Supp. 595, 597 (D. Pa. 1966)..............................6

23

*Rogers v. Ford Motor Co.*, 952 F.Supp. 606, 615 (N.D. Ind. 1997) ..................................5

24

*Schudel v. General Elec. Co.*, 120 F.3d 991, 997 (9th Cir. 1997)........................................11

25

*Sphere Drake Ins., PLC v. Trisko*, 226 F.3d 951 (8th Cir. 2000) ..................................6

26

*Stratosphere Corp. Sec. Litig.*, 66 F.Supp.2d 1182, 1188 (D. Nev. 1999) ..................................9

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- i -

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1

**TABLE OF AUTHORITIES:** (continued) <span style="float:right">Page(s)</span>

2

*U.S. v. 68.94 Acres of Land, More or Less, Situate in Kent County, State of Del.,*
918 F.2d 389, 396-397 (3d Cir. 1990) ............................................................................4

3

**Statutes**

4

*Fed. R. Civ. Proc. R. 26(a)(2)(B)* ..............................................................................3

5

Fed. R. Evid. 401, 402, and 403 ..................................................................................13

6

Fed. R. Evid. Rule 702 ................................................................................................12

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-ii-

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Nakamura v. Lowe's; Case No.: 2:14-CV-9574 ODW(ASX)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

Defendant LOWE'S HOME CENTERS, LLC ("Lowe's" or "Defendant"), pursuant Federal Rules of Civil Procedure Rule 56, brought a Motion for Summary Judgment on the grounds that based on the undisputed material facts, Defendant is entitled to judgment as a matter of law.  Defendant established that (1) the wet or watered area on the entrance floor to the Defendant's Lawn & Garden Department was an open and obvious condition, which required no warning; (2) Plaintiff failed to exercise reasonable care for her own safety; (3) the brush finished concrete floor, where Plaintiff allegedly fell, was and remains safe for pedestrian use in both dry and wet conditions; and (4) Plaintiff is unable to establish that Defendant breached its duty to exercise reasonable care in keeping the premises reasonably safe.

Plaintiff CHRISTA NAKAMURA ("Plaintiff") opposed Defendant's motion with a ten page opposition, which improperly and insufficiently attempts to create a triable issue of material fact by presenting and entirely relying upon assumed and speculative facts (not supported by the record), mischaracterized testimony and evidence, irrelevant evidence, and the improper, irrelevant, unsubstantiated, and inadmissible conclusory expert opinion of Brad P. Avrit, P.E. ("Avrit").  **In essence the entirety of Plaintiff's opposition is simply a farce, and, as a matter of law, should be completely disregarded.**

Defendant now demonstrates that with no admissible expert opinion and no actual evidence supporting Plaintiff's conclusory opposition, **Defendant's Motion for Summary Judgment is tantamount to being unopposed.**  Defendant's Motion, as a matter of law, should be granted in its entirety because again Plaintiff has, based on the undisputed admissible and relevant evidence and facts, **failed** to (1) raise a single triable issue of material fact; (2) show the concrete flooring in which Plaintiff allegedly fell was an unsafe condition (it is undisputed that the concrete flooring was safe for pedestrian use); and (3) demonstrate that Defendant breached any duty of

-1-

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1 | reasonable care in keeping the premises safe.

2 | **II.** **AVRIT'S FINDINGS, OPINIONS, CONCLUSIONS, AND EVIDENCE**

3 | **SHOULD BE DISREGARDED BECAUSE THEY ARE DERIVED**

4 | **FROM AN ILLEGAL AND UNAUTHORIZED STORE INSPECTION**

5 | Avrit's presented evidence, declaration, findings, opinions and/or conclusions

6 | should be precluded in their entirety because they are based on an illegal, unnoticed

7 | and unauthorized inspection of the subject premises controlled by Defendant.

8 | Pursuant to FRCP Rule 34(a)(2), a party, whom is requesting to **inspect**,

9 | **measure**, survey, **photograph**, **or test** real property or operation on it, is required to

10 | **provide 30 day notice and obtain permission before entering** onto designated land

11 | or other property possessed or controlled by the opposing party.   Additionally, the

12 | requesting party, in this case Plaintiff, (1) must describe with reasonable particularity

13 | each item or category of item to be inspected, and (2) must specify a reasonable time,

14 | place, and manner for the inspection and for performing the related acts, thereby,

15 | providing the party owning, controlling or operating on the land opportunity to

16 | respond (30 days), and to object to, permit, or object in part and permit in part the

17 | inspection, testing, measurement or photographing of the property.

18 | In the instant mater, on June 19, 2015, Plaintiff inspected the subject premises

19 | by taking digital photographs and various measurements.  [*Reply Separate Statement*

20 | *of Undisputed Material Facts* ("**RSSUMF**") **No. 64**] However, no Notice or request

21 | was served upon Defendant or its counsel describing with reasonable particularity

22 | the area(s) to be photographed, tested, inspected, etc.  *See, Declaration of Brian J.*

23 | *Kim in Support of Defendant's Reply Brief ("Kim Decl."), dated July 6, 2015,* ¶ 6.

24 | Plaintiff also failed to provide (1) a reasonable time, place and manner for any

25 | inspection, photographing, measuring, or testing of the subject premises, and (2) the

26 | prescribed time (30 days) for Defendant to respond or object to Plaintiff's request

27 | prior to Plaintiff's store inspection. *Kim Decl.,* ¶ 6.  Accordingly, Defendant did not

28 | provide the necessary authorization permitting entry onto its premises for inspection,

-2-

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1   measuring, surveying, photographing, or testing. *Kim Decl.,* ¶ 6.

2   Therefore, any measurement, survey, photograph, test, conclusion, opinion,

3   determination or finding based on Plaintiff's unauthorized site inspection is improper

4   and in direct violation of the <u>Federal Rules of Civil Procedure</u> Rule 34(a)(2), and

5   should be excluded in its entirety.

6   **III.   <u>AVRIT'S OPINIONS SHOULD BE PRECLUDED BECAUSE</u>**

7   **<u>PLAINTIFF NEITHER PRODUCED AN EXPERT REPORT NOR ALL</u>**

8   **<u>THE UNDERLYING DATA RELIED UPON BY AVRIT</u>**

9   Assuming, *arguendo,* that Plaintiff's alleged inspection was somehow

10  considered to be authorized and properly noticed/requested, Plaintiff's Expert's

11  evidentiary materials, declaration, opinions and conclusions are still improper,

12  inadmissible and objectionable because Plaintiff did not provide Defendant with her

13  mandated expert disclosures, nor any report authored by Avrit, which properly

14  disclose Avrit's opinions and relevant underlying data.

15  Pursuant to FRCP Rule 26(a)(2)(B), Plaintiff's Expert Disclosure "**must be**

16  **accompanied by a written report**—prepared and signed by the witness—if the

17  witness is one retained or specially employed to provide expert testimony in the

18  case," and the report **must contain, among others, the facts or data considered** by

19  the witness in forming his opinion. *See, Fed. R. Civ. Proc. R. 26(a)(2)(B).* Here,

20  **Plaintiff completely <u>failed</u> to provide or include any written report prepared**

21  **and signed by the alleged expert witness.** Instead, on June 29, 2015, some eight

22  (8) weeks after the expert disclosure deadline, Plaintiff first noticed Defendant

23  regarding her expert when she ambushed Defendant with Avrit's Expert Declaration

24  (not report) in Support of Plaintiff's Opposition to Defendant's Motion for Summary

25  Judgment, which still fails to satisfy FRCP Rule 26. *Kim Decl.,* ¶ 7-8.

26  ///

27  ///

28  ///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1    Additionally, FRCP Rule 26 (a)(2)(c) requires a party to produce **any and all**
2    **underlying data** used by that party's expert in forming the basis of an expert
3    opinion. *U.S. v. 68.94 Acres of Land, More or Less, Situate in Kent County, State of*
4    *Del.*, 918 F.2d 389, 396-397 (3d Cir. 1990) (affirming exclusion of expert testimony
5    based on data not provided to the other party in a timely manner and which the other
6    party thus did not have adequate time to scrutinize); *City of Owensboro v. Kentucky*
7    *Utilities Co.*, 2008 WL 4542674, at 2-3 (W.D. Ky. Oct. 8, 2008) (precluding expert
8    from relying upon, or providing testimony based upon, data that defendant failed to
9    produce); *Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 551-553 (D. Mont.
10   2005) (excluding testimony from expert to the extent it was based upon underlying
11   data or testing that was not provided to the other party).
12        Here, Avrit's Declaration **failed to include all underlying data, such as**
13   **procedures used, measurements taken, scientific testing or materials, facts, or**
14   **other data** considered or relied upon by Avrit in forming his expert opinions. *Kim*
15   *Decl.,* ¶ 7. Indeed, Avrit merely states he **"reviewed documentation and other**
16   **evidence related to this case, including but not limited to"** various depositions,
17   discovery responses, and Defendant's Motion for Summary Judgment and its
18   supporting documents, and **various photographs of the incident area. [RSSUMF**
19   **No. 53]** Indeed, Avrit failed to provide any measurements or objective data relied
20   upon, as well as any test procedures or testing that was performed. Accordingly,
21   Plaintiff and Avrit have admittedly violated FRCP Rule 26(a)(2)(c) by failing to
22   produce **all of the underlying data** used by that party's expert in forming the basis
23   of an expert opinion. To that extent, Avrit's assessments, opinions and conclusions
24   are wholly conclusory, speculative, unreliable and without any factual basis or
25   foundation.
26        Based on the above, any measurement, survey, photograph, test, conclusion,
27   opinion, determination or finding lacks the proper foundation, and is improper,
28   inadmissible and in direct violation of the Federal Rules of Civil Procedure Rules 26,

-4-

1   and 34, and should be excluded in its entirety.

2   **IV.   AVRIT'S OPINIONS SHOULD BE STRICKEN BECAUSE THEY**

3   **LACK CRITICAL FOUNDATION**

4   **A.   AVRITS OPINIONS ARE BASED ON CONJECTURE,**
      **SPECULATION, OR IRRELEVANT EVIDENCE AND**
5   **THEREBY NOT ADMISSIBLE**

6   Avrit's expert declaration, OPINIONS and conclusions are <u>not</u> admissible

7   under <u>Federal Rule of Evidence</u> 401, 402, 403, 602, 701, 702 and 703, and do not

8   meet the Supreme Court's test for admissibility as expert opinion under *Daubert v.*

9   *Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).   *Rule 702* demands that

10  expert opinions (testimony) relate to scientific, technical, or other specialized

11  knowledge, which does **not include unsubstantiated speculation and subjective**

12  **beliefs.** *Diviero v. Goodrich Tire. Co.,* 114 F.3d 851, 853 (9th Cir. 1997).   Indeed, an

13  **opinion based unsubstantiated and undocumented information "is the antithesis**

14  **of the scientifically reliable expert opinion** admissible under *Daubert* and <u>Rule</u>

15  <u>702</u>.   *Cabrera v. Cordis Corp.,* 134 F.3d 1418, 1423 (9th Cir. 1998).

16  Courts within the 9th Circuit, as well as other courts have generally held that

17  an expert's opinion "should be **excluded** when it is **based on assumption** which are

18  **speculative and are <u>not</u> supported by the record."** *Morford v. Wal-Mart Stores,*

19  2011 U.S. Dist. LEXIS 61650 at 19-21; 2011 WL 2313648 (D. Nev., June 9, 2011)

20  (quoting *Blake v. Bell's Trucking, Inc.,* 168 F.Supp.2d 529, 532 (D. Md. 2001)

21  (attached to Defendant's Reply Appendix of Exhibits as **Exhibit "I"**). *See*

22  *also, Coleman v. Dydula,* 139 F.Supp.2d 388, 390 (W.D.N.Y. 2001) (finding expert

23  testimony reliable where it has 'a traceable, analytical basis in objective

24  fact'); *Rogers v. Ford Motor Co.,* 952 F.Supp. 606, 615 (N.D. Ind. 1997) (holding

25  that in deciding whether to admit expert testimony, district court must rule out

26  subjective belief or unsupported speculation); *Collier v. Varco-Pruden Bldgs.,* 911

27  F.Supp. 189, 192 (D.S.C. 1995) (holding expert's opinion should be excluded when it

28  is based on assumptions which are speculative and not supported by the

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-5-

record); *Guillory v. Domtar Indus.*, 95 F.3d 1320, 1331 (5th Cir. 1996) (holding court properly excluded expert testimony not based on facts in the record, but based on altered facts and speculation designed to bolster one party's position); *Damon v. Sun Co.*, 87 F.3d 1467, 1474 (1st Cir. 1996) (holding expert should not be permitted to give an opinion that is based on conjecture or speculation from an insufficient evidentiary foundation); *Fedorczyk v. Carribean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) (if expert opinion is based on speculation or conjecture, it may be stricken); *Casas Office Machs., Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 681 (1st Cir. 1994) (holding district court may exclude expert testimony where it finds that the testimony has no foundation or rests on obviously incorrect assumptions or speculative evidence); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988) (holding relevant testimony from expert is admissible only if the expert knows of facts which enable him to express a reasonably accurate conclusion as opposed to conjecture or speculation); *but see Primrose v. Philadelphia Dressed Beef Co.*, 252 F.Supp. 595, 597 (D. Pa. 1966) (opinion based on stated assumed facts is admissible); *Sphere Drake Ins., PLC v. Trisko*, 226 F.3d 951 (8th Cir. 2000) (attacks on foundation of expert's opinion go to weight rather than admissibility).

Avrit's expert declaration, opinions and conclusions lack the necessary foundation, are improper, speculative, irrelevant, and should be precluded as they are inadmissible for the following reasons:

### 1.    Avrit's Opinions are Based on Conjecture or Speculation as to the Presence of Debris, Algae or Other Substances

Here, Avrit makes factual assumptions which are not supported by any factual evidence, and in fact, are directly contradicted by the evidence.    Avrit speculates that some type of debris was **"likely present"** on the floor.  **[RSSUMF No. 57]**  Yet still Avrit cannot opine as to which type of debris was allegedly present.  Indeed, Avrit states (1) that algae and wet potting soil were *"**most likely present** at the time*

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Nakamura v. Lowe's; Case No.: 2:14-CV-9574 ODW(ASX)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  of the incident," **[RSSUMF No. 61]**, and (2) "[t]he presence of other contaminants in

2  addition to the water, such as dirt, soil, mulch, plant material, and/or algae, which

3  were *likely present* on the surface at the time of the incident...." **[RSSUMF No. 57]**

4  Needless to say "likely present" is **not** within a reasonable degree of **scientific**

5  **certainty**.

6      Now Plaintiff and Avrit attempt to directly contradict the evidence, in fact

7  Plaintiff's own testimony, in an effort to create evidence that debris of some sort was

8  present.  This is entirely unsupported by the evidence.  Plaintiff never testified she

9  saw any form of debris on the walkway.  In fact, quite the opposite, it is undisputed

10  that Plaintiff, "before she fell and as she approached the area, was **looking at the**

11  **floor and did not see anything other than it being wet** where she fell." **[RSSUMF**

12  **No. 16]**.  Therefore, there is absolutely no factual basis supporting the presence of

13  any debris.

14      Additionally, it is undisputed that the concrete floor surface where Plaintiff

15  allegedly fell provides as safe slip resistance when wet or dry.  **[RSSUMF Nos. 36,**

16  **63, 88-90]**  Indeed, Avrit opines the concrete floor "outside of the Garden Center ...

17  provide[s] excellent slip resistance when dry, and adequate slip resistance when ...

18  wet." **[RSSUMF No. 63]**  Accordingly, his conclusion "that the floor was in an

19  unsafe condition at the time of the incident, **[RSSUMF No. 54]**, contradicts his own

20  conclusion, and asks this Court, and potentially later a jury, to speculate or surmise

21  that an unsafe condition existed (i.e. debris was present on the floor) where Plaintiff

22  allegedly slipped, despite the absolute lack of any evidence whatsoever to support

23  that speculation.  **This unsubstantiated speculation is improper, irrelevant and**

24  **would not assist a jury in any way.  In fact, it would only hinder and confuse,**

25  **and frustrate their fact finding duties.**

26      **2.    Avrit's Improperly Assumes that Contaminants in the Water**

27              **Would Not be Perceivable.**

28      Avrit further surmises and speculates that "the substantial amount ... of ...

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

water on the floor would have made it difficult … to perceive underlying hazards such as the presence of wet potting soil and algae, particularly where such contaminants would not provide start contrast form the surrounding water and would therefore be inconspicuous. **[RSSUMF No. 59]** Again, Avrit's conclusion that the water was so "substantial" or deep that one would not be able to observe (or "perceive") debris through it is based upon his own self-serving unsubstantiated speculation and subjective beliefs.  Avrit does not point to any objective authority or scientific fact supporting his opinion that a contaminant or debris, if any, would be "inconspicuous,"  nor does he provide that actual contaminant that would be "inconspicuous."

Nevertheless, Avrit improperly speculates that the water was contaminated or contained debris. He also improperly assumes that any debris or contaminate would be "inconspicuous" because it "would not [have] provide[d] a stark contrast from the surrounding water." **[RSSUMF No. 59]** **Neither of these conjectures are supported by any of the evidence, including Avrit's own presented evidence (photographs), which in fact, directly contradicts them.**

First, the undisputed evidence, Plaintiff's own testimony, directly contradicts Avrit's assumption as to the "substantial" presence of water or that the water was deep.  It is undisputed that (1) "the watered area was not like puddled water or deep, it was 'just like a sheen across the whole concrete,'" and (2) the watered area was simply like wet concrete.  **[RSSUMF Nos. 10-11]** Therefore, the undisputed evidence shows the water was not so "substantial" (deep) as it could not be seen through.  Indeed, a fact quite the opposition to Avrit's self-serving speculations.

Second, **Avrit's own presentation of over one-hundred (100) photographs of unrelated areas which depict mud, dirt, potting soil, mulch, plant material or algae directly refute his own speculation that it would be inconspicuous.** In fact, all of the debris/contaminants in the photographs are easily observable and conspicuous through the water. **[RSSUMF No. 73]** Indeed, they all present a stark

1   contrast with the water.  Id.

2       Because Avrit's opinions lack any evidence supporting them, his opinions are

3   necessarily based upon speculation and assumptions of fact not in evidence.  In fact,

4   Avrit's opinions are in direct contradiction to the factual evidence, specifically

5   Plaintiff's and Avrit's own photographs.   Accordingly, Avrit's opinion that debris

6   was "likely" present and that the debris was "difficult … to perceive" must be

7   <u>excluded</u> as they are based on improper assumptions of pure speculation, and not

8   supported by the record, or any evidence at all.

9           **3.       Avrit's Provided Photographs are Entirely Irrelevant and**

10                     **Speculative in Nature**

11       In order to be admissible, an "expert opinion <u>must</u> be supported by an

12   adequate basis in relevant facts or data."  *In re Stratosphere Corp. Sec. Litig.,* 66

13   F.Supp.2d 1182, 1188 (D. Nev. 1999); *see also, General Elec. Co. v. Joiner,* 552

14   U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence

15   requires a district court to admit opinion evidence that is connected to existing data

16   only by the *ipse dixit* of the expert."); *McGlinchy v. Shell Chemical Co.,* 845 F.2d

17   802, 807 (9th Cir. 1988) (upholding district court's exclusion of conclusions in expert

18   report with only "scant basis" in the record).

19       **Avrit's improper one-hundred and fourteen (114) photographs,** which

20   depict various other locations (allegedly taken inside Lowe's Lawn & Garden

21   Department, but certainly not in the area in which Plaintiff allegedly fell) **are**

22   **entirely irrelevant, prejudicial and confusing** because they do not depict mud, dirt,

23   potting soil, mulch, plant material or algae in the area in which Plaintiff claims to

24   have fallen **at time of the incident.**  Avrit again improperly assumes that because

25   debris is present in other locations at some point in time, it must have been present

26   (1) at the time of the incident and (2) in the area where Plaintiff allegedly fell.  **These**

27   **assumptions and unsubstantiated speculations are simply illogical (certainly not**

28   **scientific) and are unsupported by relevant facts or data, and certainly not by**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-9-

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  any evidence.

2          **4.**    **Avrit Speculates His Assumed Condition Would Remain the**

3              **Same Over the Span of Years**

4       Avrit makes an assumption/speculation that spans over two (2) years.  Avrit

5  claims that the fact that his staff member allegedly observed and photographed algae

6  growth, wet potting soil and stained concrete flooring **throughout the** (inside of the)

7  **Garden Center** during her inspection on **June 19, 2015** is circumstantial evidence

8  that such debris was present on **June 14, 2013 outside the Garden Center, some**

9  **two (2) years earlier.**  Clearly it is not.  This is not analogous to an expert

10  radiologist who might view X-ray films and conclude that certain conditions

11  revealed in the patient's bones were degenerative in nature, or age or date those

12  conditions.  Loose debris such as soil, dirt or algae, clearly transient

13  debris/substances which may very well be present one hour and gone the next,

14  cannot be compared with the permanence of an individual's bone structure.  Debris

15  might be swept away by an employee, kicked away by a customer, or even blown

16  away by the wind.  Algae can be easily cleaned or wiped away, as demonstrated by

17  Avrit's own staff member whom observed stained concrete, which Avrit claims is

18  illustrative of previous algae growth that is <u>no</u> longer present.  **[RSSUMF No. 56]**

19  Yet still these observations fail to show "algae staining" at the location where

20  Plaintiff claims to have fallen.  Avrit is attempting to make the illogical and

21  unreasonable inference/connection that because he alleges algae and wet potting soil

22  were present, (not even in the area or walkway where Plaintiff allegedly slipped), on

23  June 19, 2015, that such debris must also have been present on the subject concrete

24  walkway on June 14, 2013, over two (2) years earlier.  **There is simply <u>no</u> rational**

25  **or scientific basis upon which to make this inference/connection.**  Therefore,

26  **Avrit's claimed circumstantial evidence,** observed over two (2) years after the

27  incident, **is nothing more than mere speculation and conjecture.**

28       Accordingly, there is not a sufficient connection to create a factual dispute

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

regarding an alleged unsafe condition.   Especially, when (1) **Avrit agrees the concrete flooring is a safe condition when wet or dry, [RSSUMF No. 63]; (2) Plaintiff's own testimony refutes his assumptions** when she testified she only saw it being wet; she did not see anything else where she fell, **[RSSUMF No. 16]**; and (3) **Avrit's own photographs still do <u>not</u> show, among other things, any water, wet potting soil or algae that would support Avrit's speculations, assumptions or conclusions of its presence some two (2) years ago.   [RSSUMF Nos. 72-86]** Avrit is attempting to disguise his speculation and conjecture as evidence because he is aware that the lack of such evidence is <u>fatal</u> to Plaintiff's cause of action.   As a result, Avrit's opinions, conclusions or findings are entirely based on speculation, conjecture or irrelevant facts or data, and are thereby improper, inadmissible and irrelevant, and should be disregarded in their entirety.

### a. AVRIT'S OPINIONS ARE INADMISSIBLE BECAUSE THEY DO NOT COMPORT WITH DAUBERT'S STANDARD OF RELIABILITY

In order for an Expert's opinion (testimony) to be admissible, the expert must either point to some peer-review article or research supporting his conclusion, or "he must explain precisely how he went about reaching his conclusions and point to some <u>objective source</u> to show that he has followed the scientific method, as it is practiced by (at least) a recognized minority of scientists in his field." *Cabrera, supra*, 134 F.3d at 1423 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1994); *see also, Schudel v. General Elec. Co.*, 120 F.3d 991, 997 (9th Cir. 1997) (district court abused its discretion in admitting expert testimony when witness "could not testify to a specific cause and effect relationship between … exposure and health problems").

Here, Avrit has not done any of the above.  Avrit's opinions are inadmissible because (1) he provides **no** peer-review article or research supporting his conclusions; (2) his explanation of how he reached his conclusions demonstrates his self-serving assumption or speculation as to facts relied upon; (3) he follows **no**

-11-

scientific method <u>nor</u> provides a source to show that he has followed a scientific method that is practiced by (at least) a recognized minority of scientist in his field; (4) he provides <u>no</u> objective source, <u>no</u> scientific data <u>nor</u> test results to support his conclusions; and (5) he has <u>not</u> reproduced the alleged condition and tested it in order to provide a basis for his conclusory opinions.  In fact, Avrit has not even visited or personally inspected the subject location.

Even assuming *arguendo* that Avrit's opinions that (1) the source of the water was the flower bed(s); and (2) the water was contaminated with invisible debris, Avrit still provides **no scientific basis that invisible debris would actually create an unsafe condition**.  Again, Avrit (1) provides no peer-review article nor research supporting his conclusions; (2) fails to follow a scientific method; (3) provides <u>no</u> source to show that he has followed a scientific method that is practice by (at least) a recognized minority of scientists in his field; (4) provides <u>no</u> objective source, <u>no</u> scientific data, and <u>no</u> test result supporting his conclusions; and (5) he has <u>not</u> reproduced the alleged condition and tested it to provide an adequate basis for his conclusory opinion.  In fact, Avrit relies <u>entirely</u> on his own conjectures, assumption, and "subjective" source (himself) to come to his unreliable and unsupported conclusory opinions.

   **b.** **ALL MEASUREMENTS, PHOTOGRAPHS, AND INSPECTION DATA SHOULD BE EXCLUDED BECAUSE THE PERSON WHOM INSPECTED THE PREMISES IS NOT A DESIGNATED EXPERT AND NO QUALIFICATIONS HAVE BEEN PROVIDED**

Pursuant to <u>Rule 702</u> a person qualified as an expert may testify in the form of an opinion if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is a product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. *See,* <u>Fed. R. Evid.</u> Rule 702.

Here, Avrit does not have personal knowledge of the matter.  Although Avrit's

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-12-

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

declaration submits his qualifications that may qualify him as an expert, it fails to provide the necessary credentials or qualifications of his staff member, Eris Barillas, whom conducted the site inspection on June 19, 2015.   In addition to all the reasons provided herein that Avrit's opinions do not comport with Rule 702, it is impossible to determine whether his opinions are based on expertise, sufficient scientific facts or data, or that it is a product of reliable principles and methods.   This court and Defendant have not been provided with any certifications or qualifications that demonstrate whether Ms. Barillas is certified or qualified to perform the appropriate scientific tests, take scientific measurements or properly inspect the premises. Accordingly, Avrit's opinions are inadmissible because he improperly relies on the findings, measurements and inspection of his staff member, Eris Barillas, whose qualifications to inspect, photograph, take measurements, etc. are <u>not</u> disclosed, and whom is not a designated expert in this matter.

Moreover, there is no indication that Ms. Barillas actually reviewed the materials or evidence in this matter to ensure the proper relevant areas were inspected, tested, measured or photographed.   Accordingly, the material should be disregarded because, pursuant to <u>Fed. R. Evid</u>. 401, 402, and 403, this material is entirely irrelevant, and would only lead to confuse the trier of fact.

## V.   PLAINTIFF'S OPPOSITION, WITHOUT THE IMPROPER AND INADMISSIBLE EXPERT OPINION OF AVRIT, IS TANTAMOUNT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BEING UNOPPOSED

Since Plaintiff's opposition relies heavily, if not entirely, on the improper, irrelevant and inadmissible speculations of her Expert Witness, any opposition argument which relies on Avrit's speculative and unreliable opinion should be disregarded in its entirety.   Consequently, the end result is tantamount to Defendant's Motion for Summary Judgment being unopposed.

All of Plaintiff's arguments should be disregarded in their entirety as they rely

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  upon improper, irrelevant and inadmissible speculation.  Additionally, Defendant felt

2  obliged to further point out a few of Plaintiff's erroneous representations and

3  arguments below.

### A.  THERE IS NO TRIABLE ISSUE OF FACT AS TO THE SOURCE OF THE WATER BECAUSE THE SOURCE OF THE WATER ON THE GROUND IS IMMATERIAL

7  Plaintiff and her expert attempt to create evidence in an effort to create a

8  triable issue of material fact.  Ultimately, Plaintiff's created evidence (invisible

9  debris or source of water) is contradicted by the undisputed facts, Plaintiff's own

10  testimony, and the provided reliable scientific opinion of Mr. Wolfe (Defendant's

11  Expert).

12  First, Plaintiff's expert, whom Plaintiff relies entirely in her opposition, agrees

13  with Mr. Wolfe that it is <u>undisputed</u> that the brush finished concrete surface on

14  which Plaintiff allegedly fell offers a <u>safe</u> slip resistance for pedestrian use when

15  either wet or dry.  **[RSSUMF Nos. 36, 63]**  It is undisputed, prior to falling, Plaintiff

16  looked at the ground and saw nothing but wet concrete.   **[RSSUMF No. 16]**

17  Additionally, as discussed above, the facts do not support that Plaintiff could not see

18  through the water as it was a thin "sheen across the concrete" or simply just wet

19  cement.  **[RSSUMF Nos. 10-11]**  It was not puddled, deep or standing water.  *Id.*

20  Accordingly, no matter the source of the water, there was simply no contaminant

21  present to create Avrit's alleged dangerous condition.  Therefore, Plaintiff's attempt

22  to raise the "source" of the water as an issue is a *red herring*.  There is simply no

23  evidence (scientific or otherwise) supporting this contention.

24  Therefore, all of Plaintiff's arguments and Avrit's speculations relying upon

25  the water being "run-off" or the "source" being the flower beds is entirely

26  speculative and unsupported, and should be disregarded.  Plaintiff's argument and

27  Avrit's speculation that contaminants were "likely" present must be disregarded as

28  they are inadmissible, speculative, and unsupported by the evidence.

-14-

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**B.   DEFENDANT'S MAINTENANCE AND PROCEDURES AS TO WATER IS NOT A MATERIAL FACT BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH AN UNSAFE OR DANGEROUS CONDITION**

Even assuming *arguendo*, Defendant did not follow its own safety procedures on water clean-up or maintenance, warn its customers of an open and obvious condition, or remedy the wet concrete, (which Defendant did not), this alleged failure still did not create a dangerous or unsafe condition.  **There is simply <u>not</u> a scintilla of evidence supporting any allegation that the alleged wet concrete was an unsafe or dangerous condition.**  In fact, the admissible and relevant evidence directly contradicts that it was an unsafe condition at the time Plaintiff allegedly fell. Indeed, Ned Wolfe (Defendant's expert) actually inspected the property and tested the ground, under specific conditions as testified by Plaintiff, and found it to be safe. **[RSSUMF Nos. 16-32]**.  Moreover, Mr. Wolfe opines there is no evidence that the subject walkway was in an unsafe condition at the time of the incident.  **[RSSUMF No. 88]**  Mr. Wolfe further opines that, based on his many years of slip testing the same brush finished concrete, that these surfaces have a high tolerance for maintaining non-slip properties under wet conditions with various amounts of soil and debris particles.  **[RSSUMF No. 89]** Plaintiff, on the other hand, attempts to contradict Mr. Wolfe's objective and scientific opinion with Avrit's speculation, unsubstantiated assumptions and blatantly self-serving conjecture.  Avrit did not test the site, and in fact, was not even present during the unauthorized inspection. Accordingly, Defendant's substantiated scientific facts and opinions must prevail over Plaintiff's improper and unscientific speculation as a matter of law.  Thereby, Plaintiff, as discussed in Defendant's original Motion, cannot, as matter of law, satisfy her burden of proof by demonstrating that an unsafe condition actually existed at the time of her alleged incident.

///

-15-

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

C.   **PLAINTIFF'S SPECULATION AS TO AN <u>INVISIBLE</u> CONTAMINATE IN WET CONCRETE IS NOT A MATERIAL FACT BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH AN UNSAFE OR DANGEROUS CONDITION OR THAT ANY CONTAMINATE WAS PRESENT**

Plaintiff attempts to create an issue of material fact by speculating as to invisible (not "perceivable") contaminants. This is entirely improper, and makes a mockery of the scientific community. This self-serving assumption is not supported by the evidence nor by Plaintiff's own provided inadmissible evidence (photographs). As shown in Avrit's photos, contaminants, when in the water, are easily observable, and actually "provide a 'stark contrast' with the wet uncontaminated surfaces." **[RSSUMF Nos. 72-73]** Mr. Wolfe further opines that the sloped surface of the walkway, which was not measured by Avrit, prevents standing water and algae formation. **[RSSUMF Nos. 77-82]** Accordingly, Plaintiff's allegation of invisible contaminants, without any objective scientific basis, is solely offered in a baseless attempt to establish a question of material fact. This speculation is entirely more prejudicial than probative, improper, inadmissible, and must be excluded.

D.   **PLAINTIFF'S <u>FAILURE</u> TO FULFILL HER BURDEN IN ESTABLISHING AN UNSAFE CONDITION IS FATAL TO PLAINTIFF'S CAUSE OF ACTION**

Plaintiff's inadmissible expert speculation and conjecture is the only evidence Plaintiff has provided to establish a "genuine issue of material fact" as to an alleged dangerous condition. As such, Plaintiff is left with nothing to fulfill her burden of proof.

Plaintiff need only show, in the light most favorable to her, that a genuine dispute as to a <u>material</u> fact exists. However, Plaintiff, as matter of law and evidence, <u>cannot</u> fulfill her burden. The undisputed evidence shows that the wet

-16-

concrete walkway, where Plaintiff allegedly fell, offers a safe surface for pedestrian use (wet or dry). **[RSSUMF Nos. 36, 63]** All parties agree to this statement, including Defendant's and Plaintiff's own experts.  Plaintiff, through inadmissible conjecture and speculation, attempts to counter this undisputed material fact, but her attempts must fail.  For example, Plaintiff's expert conjectures that the presence of some other contaminate was "**likely present** on the surface at the time of the incident."  **[RSSUMF No. 57]**  As discussed above, speculation as to a "likely" substance is unfounded, baseless, improper and inadmissible.  Therefore, as a matter of law, Plaintiff still has failed to fulfill her burden.

Accordingly, in light of the foregoing, all of Plaintiff's other arguments, allegations and speculations, such as a duty to remedy, duty to warn and/or failure to follow procedures, which are reliant upon the existence of this single fact (an unsafe condition) must fail.  The Court simply has no undisputed evidence provided by Plaintiff that creates a disputed material fact.

## VI.   CONCLUSION

Based on the above, Defendant LOWE'S HOME CENTERS, LLC respectfully moves the Court to enter summary judgment in its favor and against Plaintiff CHRISTA NAKAMURA.

Dated:  July 6, 2015                                 THARPE & HOWELL, LLP


                                                     /s/ Charles D. May
                                     By: _____
                                                     CHARLES D. MAY
                                                     GENE B. SHARAGA
                                                     BRIAN J. KIM
                                                     Attorneys for Defendant,
                                                     LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

Derryl S. Halpern, Esq.
THE HALPERN LAW FIRM, INC.
18425 Burbank Blvd., Suite 711
Tarzana, CA 91356
(818) 785-5999;(818) 609-1342
dsh@HJalpernLawCorp.com

Attorneys for Plaintiff,
CHRISTA NAKAMURA

5.  a. ____  **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ____  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) ____  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ____  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ____  **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-18-
**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Nakamura v. Lowe's; Case No.: 2:14-CV-9574 ODW(ASX)

1

d.  ___  **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

2

3

e.  ___  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

4

5

f.  ___  **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6

7

8

6.  I served the documents by the means described in item 5 on *(date):* (see below)

9

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

10

11

| 7/6/15 | MICHELE SCHEE | |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

12

13

### DECLARATION OF MESSENGER

14

___  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

15

16

17

18

19

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

20

I served the envelope or package, as stated above, on *(date):*

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

| _____ | _____ | |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

24

25

I:\26000-000\26251\MSJ\Reply Brief(revised).docx

26

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-19-

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Nakamura v. Lowe's; Case No.: 2:14-CV-9574 ODW(ASX)