O
JS-6

# United States District Court
# Central District of California

CHRISTA NAKAMURA,

        Plaintiff,

    v.

LOWE'S COMPANIES, INC.; DOES 1–100, inclusive,

        Defendant.

Case No. 2:14-cv-9574-ODW(ASx)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]**

## I. INTRODUCTION

The instant action arises from a slip and fall involving Christa Nakamura ("Plaintiff") at the entrance of Lowe's Home Centers, LLC ("Defendant"). Defendant filed a Motion for Summary Judgment and, for the reasons discussed below, the Court **GRANTS** Defendant's Motion. (ECF No. 15.)[1]

## II. FACTUAL BACKGROUND

According to Plaintiff's deposition testimony, on June 14, 2013, at approximately 8:00 a.m., Plaintiff and her two children visited Defendant's store located at 19001 Golden Valley Road in Canyon Country, California. (ECF No. 22, Ex. 1: Plaintiff Depo.) Plaintiff and her children entered the store through the Outdoor

---

[1] After carefully considering the papers filed in support of and opposition to the Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Lawn & Garden Department entrance. (*Id.*) From the parking lot, she noticed that the concrete floor at the entrance was wet and there were no rubber mats or caution cones surrounding the wet area. (*Id.*) The water was not deep or puddled but created a noticeable sheen. (*Id.*) Defendant's employee had recently watered potted plants in front of the store, which often leads to run-off water spilling onto the concrete floor. (*Id.*)

Plaintiff made no attempt to avoid the wet area. (*Id.*) Once she stepped onto the concrete, she slid and fell despite trying to brace herself by placing her right palm on the ground. (*Id.*) After falling, Plaintiff entered the store to shop, rubbing her back because she was in pain. (*Id.*) She proceeded to purchase a hose, and then notified an employee to secure the wet area because she did not want anyone else to fall. (*Id.*) She called the store while driving home and spoke with the personnel manager about filling out an incident report. (*Id.*) At the manager's request, she returned to the store at lunchtime and filled out a report. (*Id.*) By this point, she was feeling pain starting to go down her arm. (*Id.*)

On May 27, 2014, Plaintiff filed suit against Defendant in the Superior Court for the County of Los Angeles for negligence and premises liability. (ECF No. 1, Ex. A.) Defendant removed the instant action to federal court. (*Id.*) On June 10, 2015, Defendant filed a Motion for Summary Judgment on the grounds that the wet area was an open and obvious condition and Plaintiff has failed to identify any defective condition that caused her alleged injuries. (Mot. 2, 13.) Defendant's Motion is currently before the Court for decision.

### III. LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputed issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative," the Court may grant summary judgment. *Id.* at 249–50 (citation omitted). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006).

The moving party has the burden of demonstrating the absence of genuine issue of fact for trial. *Celotex*, 477 U.S. at 323. To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted). Once the moving party satisfies its initial burden of production, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 1103.

## IV. DISCUSSION

Under California law, plaintiff must prove four factors to establish liability for negligence: (1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) causation; and (4) damages. *Ortega v. Kmart Corp.* 26 Cal. 4th 1200, 1205 (2001). "Premises liability is a form of negligence" in which a property owner has "a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm." *Brooks v. Eugene Burger Mgmt. Corp.*, 215 Cal. App. 3d 1611, 1619 (1989).

**A. Duty**

*1. Open and Obvious Condition*

Defendant argues that no duty was owed to Plaintiff because she saw the floor

was wet and a wet floor is an open and obvious condition. (Mot. 8.) Plaintiff contends that Defendant owed a duty because the wet floor was not the dangerous condition—the combination of water, soil and algae from the recently-watered plants, which she did not see, caused the floor to become slippery. (Opp'n 2.)

"Insofar as an invitee is concerned, the owner of property is not an insurer of safety, but must use reasonable care to keep his premises in a reasonably safe condition and to give warning of latent or concealed perils." *Danieley v. Goldmine Ski Assocs., Inc.*, 218 Cal. App. 3d 111, 121 (1990). However, an owner need not warn if the danger is so obvious that a person could reasonably be expected to see it, since the condition itself serves as a warning, unless harm was foreseeable despite the obvious nature of the danger. *Id.* at 122. A wet floor "can be considered an open and obvious condition as a matter of law" when there is no dispute that plaintiff knew the floor was wet.[2] *Martinez v. Chippewa Enter., Inc.*, 121 Cal.App.4th 1179, 1184 (2004).

Here, there is no dispute that Plaintiff knew the floor was wet. (ECF No. 22, Ex. 1: Plaintiff Depo.) The Court is not persuaded by Plaintiff's position that the wet floor was not an open and obvious condition. Her theory that the combination of water, soil and algae caused the floor to become slippery does not negate the fact that water alone can, and is commonly known to, create the same hazard. Plaintiff's refusal to accept this well-known fact does not create a genuine dispute of material fact. From Plaintiff's deposition testimony, the Court can only conclude that when Plaintiff saw the floor was wet, she knew there was a risk she could slip and fall and she knowingly chose to encounter that risk. Thus, the wet floor was an open and

---

[2] Courts have held that a wet floor is *not* an open and obvious condition *when the parties dispute* whether plaintiff saw the floor was wet. *Moroni v. Lowe's HIW, Inc.*, 2012 WL 5456083, at *2–3 (E.D. Cal., 2012) (citing *Moise v. Fairfax Markets*, 106 Cal.App.2d 798, 803, (1951); *Pineda v. Target Corp.*, 2009 WL 3244995, at *4 (C.D.Cal., 2009)). These courts concluded that a reasonable trier of fact could find that the danger posed by a wet floor is *not* open and obvious because customers typically focus their attention on shopping, not transparent liquid on the floor. *Id.*

obvious condition.

### 2. *Foreseeability of Harm*

"[A]lthough the obviousness of a danger may obviate the duty to warn of its existence, if it is foreseeable that the danger may cause injury despite the fact that it is obvious (for example, when necessity requires persons to encounter it), there may be a duty to remedy the danger, and the breach of that duty may in turn form the basis for liability, if the breach of duty was a proximate cause of any injury." *Osborn v. Mission Ready Mix*, 224 Cal. App. 3d 104, 122 (1990).

It is foreseeable that in a large, home improvement store with high foot-traffic, such as Lowe's, some customers may walk on the floor when it is wet despite the fact that the condition of the floor is obvious. Therefore, the Court finds that the mere obviousness that the floor was wet did not obviate Defendant's duty to warn or remedy. As a result, the Court must determine whether there is a genuine dispute of material fact as to whether Defendant breached its duty, if the breach of duty was a proximate cause of any injury. *Id.*

**B.   Breach**

### 1. *Defendant's Evidentiary Objections*

Defendant argues that Plaintiff cannot prove breach or causation. (Mot 11–13.) In her Opposition, Plaintiff relies on the testimony of expert witness Brad Avrit to prove these two elements. (Avrit Decl.) Avrit concludes that "the presence of other contaminants on the surface such as wet potting soil and algae, would present a substantial slip hazard for pedestrians exercising reasonable care." (*Id.* ¶ 6.) He further concludes that such contaminants were "most likely present at the time of the incident," and thus the cause of Plaintiff's injuries. (*Id.* ¶¶ 8, 11.)

Defendant objects that Avrit's opinions are inadmissible because: (1) they are based on an unauthorized site inspection, and (2) Plaintiff failed to disclose her expert or produce an expert report. (ECF No. 29, Def. Evid. Objs. 2.)

a) <u>Unauthorized Site Inspection and Failure to Disclose Expert or Produce Expert Report</u>

Avrit had a senior member of his staff, Eris Barillas, inspect the location of the incident on June 19, 2015. (Avrit Decl. ¶ 6.) Barillas "took digital photographs and various measurements of relevant areas around the Garden Center." (*Id.*) Pursuant to Federal Rule of Civil Procedure 34(a)(2), a party may "serve on any other party a request within the scope of Rule 26(b)" to obtain "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Rule 34(b) outlines the information that must be included in such a request. Fed. R. Civ. P. 34(b). There is no evidence that Plaintiff ever served Defendant a request or obtained authorization to photograph and measure its property. Therefore, the Court **SUSTAINS** Defendant's objection that Avrit's opinions are inadmissible because they are based on an unauthorized inspection.

According to Defendant, "some eight weeks after the expert disclosure deadline, Plaintiff first noticed Defendant regarding her expert when she ambushed Defendant with Avrit's Expert Declaration (not report) in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, which still fails to satisfy FRCP Rule 26." (Reply 3.) Pursuant to Rule 26(a)(2)(B), an expert disclosure "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). There is no evidence that Plaintiff ever served Defendant an expert disclosure *or* the expert's written report. Therefore, the Court **SUSTAINS** Defendant's objection that Avrit's opinions are inadmissible because Plaintiff failed to disclose her expert and produce the expert's report.

Because Plaintiff failed to serve Defendant a request to inspect its property, an expert disclosure *and* Avrit's written report, the Court finds that Avrit's testimony is inadmissible.

Even if the Court did not exclude Avrit's testimony on procedural grounds, the Court would exclude it on substantive grounds because there are no facts to support Avrit's opinions. The unauthorized inspection was performed two years after the incident and there is no evidence that any of the conditions that Barillas observed were present two years prior. In fact, Avrit notes that two years of "'wear and tear' would have altered the floor properties." (Avrit Decl. ¶ 9.) Avrit concludes that the combination of water and other contaminants "would present a substantial slip hazard for pedestrians exercising reasonable care," yet there is no evidence that any aspect of Barillas' inspection would enable Avrit to come to this conclusion. In fact, Avrit notes that "[i]t would be impossible to replicate the exact amount of water, dirt, soil, plant material, and/or algae present in the subject location at the time of the incident, as this was never documented." (*Id*. ¶¶ 6, 9.) Avrit concludes that other contaminants were "likely present at the time of the incident," yet there is no evidence that anything other than water was present at the time of the incident. (*Id.* ¶ 8.) Plaintiff was thoroughly questioned during her deposition about the incident and at no point did she ever describe seeing, feeling, or falling on anything but water.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

Because there is no dispute that Plaintiff knew the floor was wet and Avrit's testimony, which Plaintiff relies on to prove breach and causation, is inadmissible, the Court **GRANTS** Defendant's Motion for Summary Judgment. (ECF No. 15.)

**IT IS SO ORDERED.**

August 19, 2015

_____
           **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**